[Crim. No. 1062. Third Appellate District.—December 20, 1928.]

THE PEOPLE, Respondent, v. JAMES LA VERNE, Appellant.

John A. McGilvary for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the crime of rape, accomplished with a girl of the age of fourteen years. He has appealed from the judgment and the order denying a new trial.

Appellant contends that the evidence is insufficient to support the verdict and judgment. The prosecuting witness testified that the defendant "attacked" her in his automobile; that "when I was screaming . . . he told me to shut up, and he slapped me. . . . He threw me down in the seat . . . and he had intercourse." She gave other testimony of similar import. While the witness did not use the term "sexual intercourse," it is perfectly clear that she did not employ the word "intercourse" to mean merely an "interchange of thought." A physician testified to physical facts showing that some person had had sexual intercourse with the girl. The evidence is amply sufficient to show the defendant's guilt.

Complaint is made of the court's refusal to give certain instructions requested by the defendant. Every proposition of law contained in the instructions so refused was fully covered by instructions which were given. Much of the argument of counsel for appellant is based on the erroneous assumption that section 1096 of the Penal Code, relating to the presumption of innocence and the question of reasonable doubt, was not read to the jury. That section

is set forth at length on pages 75 and 76 of the reporter's transcript as one of the instructions given to the jury.

The judgment and the order are affirmed.

Shields, J., *pro tem.*, and Plummer, J., concurred.